

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 16, 2004

The Honorable Tom Maness                          Opinion No. GA-0284
Jefferson County Criminal District Attorney
Post Office Box 2553                              Re:    Which entity has authority to approve
Beaumont, Texas 77704                             retirement and medical benefits for the Jefferson
                                                  County Waterway and Navigation District Board
                                                  members: the Jefferson County Commissioners
                                                  Court or the Waterway and Navigation District
                                                  Board  (RQ-0243-GA)

Dear Mr. Maness:

You ask which entity has authority to approve retirement and medical benefits for the
Jefferson County Waterway and Navigation District Board members:    the Jefferson County
Commissioners Court (the "Commissioners Court") or the Waterway and Navigation District Board
(the "District Board").[1]  You specifically ask, first, whether "such benefits [must] be approved by
the . . . Commissioners Court"; and second, whether "the District Commissioners [are] officers
and/or employees of the District" for the purposes of statutes authorizing the provision of retirement
and medical benefits for the officers of districts such as the Jefferson County Waterway and
Navigation District (the "District").  Request Letter, *supra* note 1, at 1.

The District was created in 2001 as a conservation and reclamation district under article XVI,
section 59 of the Texas Constitution and merged with the Jefferson County Navigation District[2] in
2002.  *See* TEX. CONST. art. XVI, § 59; Act of May 22, 2001, 77th Leg., R.S., ch. 1472, §§ 1, 11,
2001 Tex. Gen. Laws 5235, 5235, 5237; Request Letter, *supra* note 1, at 2.  The special law
providing for the district's creation states that the District is governed by a board of five "navigation
and canal commissioners appointed by the commissioners court." Act of May 22, 2001, 77th Leg.,
R.S., ch. 1472, § 8(a), 2001 Tex. Gen. Laws 5235, 5236.  Under section 5 of the District's enabling
act, the district "has all of the rights, powers, privileges, authority, functions, and duties provided by

---

[1]*See* Letter from Honorable Tom Maness, Jefferson County Criminal District Attorney, to Honorable Greg
Abbott, Texas Attorney General, at 1 (June 23, 2004) (on file with the Opinion Committee; *also available at*
http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]In 1987 the name of the Beaumont Navigation District was changed to the Jefferson County Navigation
District. *See* Act of July 18, 1987, 70th Leg., 2d C.S., ch. 10, § 1, 1987 Tex. Gen. Laws 45, 45. We have been unable
to locate special laws creating the Beaumont Navigation District.

the general law of this state, including Chapters 49, 60, and 62, Water Code, applicable to navigation districts." *Id*. § 5, 2001 Tex. Gen. Laws 5235, 5235. The special law does not expressly address medical and retirement benefits for District commissioners.[3]

You cite provisions in each of the general laws listed—Water Code chapters 49, 60, and 62—that you believe are relevant. *See generally* Request Letter, *supra* note 1. Chapter 49 of the Water Code, which applies to all general law districts and which applies to the District by virtue of section 5 of its enabling act, provides for certain benefits in section 49.069. Section 49.069(a) authorizes a general law district board to "provide for and administer retirement, disability, and death compensation funds for" district employees. TEX. WATER CODE ANN. § 49.069(a) (Vernon 2000). Subsection (b) authorizes a board to "establish a public retirement system" under Government Code chapter 810.[4] *Id*. § 49.069(b); *see* TEX. GOV'T CODE ANN. § 810.001 (Vernon Supp. 2004-05); *supra* note 4 (summarizing section 810.001, Government Code). Subsection (c) authorizes a district to "include hospitalization and medical benefits to its employees as part of the compensation paid to the officers and employees." TEX. WATER CODE ANN. § 49.069(c) (Vernon 2000).

Chapter 60 contains general provisions for navigation districts, and it, too, applies to the District by virtue of section 5 of the District's enabling act. Section 60.011 authorizes "[t]he commission of any district created under this code or by special law [to] provide for . . . a retirement . . . compensation fund for district officers." *Id*. § 60.011(a) (Vernon 2004). Section 60.014 authorizes the commission of a navigation district organized under article XVI, section 59 of the Texas Constitution to "include hospitalization and medical benefits for officers . . . as part of the compensation paid to the officers." *Id*. § 60.014(a).

Chapter 62 of the Water Code, also applicable to the District by virtue of section 5 of the enabling act, provides for navigation districts as well. *See id*. § 62.021. Section 62.070 provides for commissioners' compensation: "Each commissioner shall receive for his services the compensation determined by the commissioners court of the county of jurisdiction." *Id*. § 62.070.

Sections 49.069, 60.011, and 60.014 all refer to officers, and you query whether District Board members are officers. *See* TEX. WATER CODE ANN. §§ 49.069(c) (Vernon 2000), 60.011(a), 60.014(a) (Vernon 2004); Request Letter, *supra* note 1, at 1. Because they exercise sovereign

---

[3]The special laws pertaining to the predecessor district, the Jefferson County Navigation District, also do not address the provision of benefits to commissioners. *See* Act of May 15, 1989, 71st Leg., R.S., ch. 765, 1989 Tex. Gen. Laws 3364, 3364-65; Act of July 18, 1987, 70th Leg., 2d C.S., ch. 10, 1987 Tex. Gen. Laws 45, 45.

[4]Section 810.001 of the Government Code, to which Water Code section 49.069(b) refers, authorizes the governing body of a political entity, including a "water district . . . or other special purpose district," to "establish and maintain a public retirement system for its appointive officers and employees." TEX. GOV'T CODE ANN. § 810.001(a)(1), (b) (Vernon Supp. 2004-05); *see also id*. § 810.001(2) (defining "public retirement system"). This authority does not apply to a political entity that is "required to establish or participate exclusively in a particular public retirement system" or "prohibited from establishing or participating in any public retirement system or in a particular retirement system." *Id*. § 810.001(d). But the authority to establish a public retirement system under Government Code section 810.001 is cumulative of other statutory authority a political entity may have to provide a public retirement system or programs. *See id*. § 810.001(e).

functions largely independent of others' control, *see Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955); *see also* Act of May 22, 2001, 77th Leg., R.S., ch. 1472, § 6, 2001 Tex. Gen. Laws 5235, 5236 (authorizing the District to operate certain ship channels and to acquire land or interests in land), they are officers.

You wish to know whether section 62.070, authorizing a commissioners court to determine district board members' "compensation," includes authority to determine the members' benefits and, if so, whether it prevails over a district board's authority to determine benefits under section 49.069 or sections 60.011 and 60.014. *See* Request Letter, *supra* note 1, at 1-2. We consider first whether sections 60.011 and 60.014 authorize a district board to determine retirement and medical benefits. *See* TEX. WATER CODE ANN. §§ 60.011(a), .014(a) (Vernon 2004).

We conclude that sections 60.011 and 60.014 authorize the district board to determine retirement and medical benefits. On its face, section 60.011 authorizes a district board to "provide for . . . a retirement, disability, and death compensation fund for district officers." *Id.* § 60.011(a). Section 60.014 plainly authorizes a district board to "include hospitalization and medical benefits for officers . . . as part of the compensation paid to the officers." *Id.* § 60.014(a). The District may exercise those powers that the legislature has delegated to it, and under the enabling act's plain language, the District has all of the powers Water Code chapter 60 provides, as well as the powers chapters 49 and 62 provide. *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1472, § 5, 2001 Tex. Gen. Laws 5235, 5235; Tex. Att'y Gen. Op. No. JC-0354 (2001) at 1 (stating that a navigation district has "'only those powers that are expressly delegated to it by statute or that are clearly implied from its express powers'") (quoting *Tri-City Fresh Water Supply Dist. No. 2 v. Mann*, 142 S.W.2d 945, 946 (Tex. 1940)); *see also Harlingen Irrigation Dist. Cameron County No. 1 v. Caprock Communications Corp.*, 49 S.W.3d 520, 536 (Tex. App.–Corpus Christi 2001, pet. denied) (stating that an irrigation district, created under article XVI, section 59 of the Texas Constitution, may exercise those powers granted it by statute as well as those necessarily implied from the express powers).

In addition, we construe section 62.070 so that it does not conflict with sections 60.011 and 60.014. Under section 62.070, it is a commissioners court that sets the compensation for district board members. *See* TEX. WATER CODE ANN. § 62.070 (Vernon 2004). The term "compensation" typically "includes benefits, such as insurance" and pension. Tex. Att'y Gen. Op. No. GA-0130 (2003) at 2; *see Friedman v. Am. Sur. of N.Y.*, 151 S.W.2d 570, 577 (Tex. 1941) (stating that the right to receive unemployment benefits is part of employees' "compensation"); *Byrd v. City of Dallas*, 6 S.W.2d 738, 740 (Tex. 1928) (stating that pension is part of employees' "compensation"); Tex. Att'y Gen. Op. No. WW-731 (1959) at 3-4 (stating that the provision of hospital insurance may be part of "compensation"); Tex. Att'y Gen. LO-97-100, at 2 (stating that hospitalization insurance provided to an officer is an emolument within article XVI, section 40 of the Texas Constitution). Because section 60.014 expressly places the decision whether officers' compensation should include medical benefits with a district board, while section 62.070 places the decision as to the compensation district officers will receive with the county commissioners court, section 62.070 appears to conflict with section 60.014. But where it is possible to do so, we are to harmonize statutes. *See, e.g.,* TEX. GOV'T CODE ANN. §§ 311.025-.026 (Vernon 1998) (encouraging a construer

to interpret statutes so that they harmonize or create limited exceptions). By construing the word "compensation" in section 62.070 to encompass only monetary compensation, sections 60.011, 60.014, and 62.070 can be harmonized so that a county commissioners court determines the district board members' compensation, but the board members themselves establish benefits.

Construing the word "compensation" in section 62.070 not to include retirement and medical benefits comports with the legislative history of sections 60.011, 60.014, and 62.070. Section 62.070 and its statutory predecessor have provided since 1929 that the commissioners court must set navigation district commissioners' "compensation." *See* Act approved May 23, 1929, 41st Leg., 1st C.S., ch. 103, § 5, 1929 Tex. Gen. Laws 246, 251. The statutory predecessors to sections 60.011 and 60.014 both were adopted later, in 1955. *See* Act of Apr. 29, 1955, 54th Leg., R.S., ch. 252, §§ 1, 3, 1955 Tex. Gen. Laws 701, 701-02. The 1955 legislation made it clear that existing statutes did not grant sufficient authority for providing retirement and medical benefits: "The fact that present Statutes relating to navigation districts do not specifically authorize retirement, disability, death compensation, hospitalization or medical benefits . . . making it difficult for such navigation districts to secure and retain competent employees . . . create[s] an emergency . . . ." *Id.* § 5, 1955 Tex. Gen. Laws at 702-03.

We consequently conclude it is within the District Board's discretion to determine whether the District will provide District Board members retirement benefits under section 60.011 and medical benefits under section 60.014. The Commissioners Court has no authority to make or participate in the decision.

You also ask whether the District Board may approve payment for a portion of the coverage of District commissioners' dependents. *See* Request Letter, *supra* note 1, at 4. You draw our attention to section 172.004 of the Local Government Code, which authorizes a "political subdivision . . . directly or through a risk pool" to "provide health and accident coverage for political subdivision officials." TEX. LOC. GOV'T CODE ANN. § 172.004(a) (Vernon Supp. 2004-05). Subsection (c) further authorizes a political subdivision to include the officers' dependents under the coverage. *See id.* § 172.004(c).

Section 172.003, which defines various terms for use in chapter 172, defines the term "political subdivision" to include a "special district . . . or other political subdivision of the state." *Id.* § 172.003(3). A navigation district is a political subdivision of the state for purposes of section 172.004. *See Smith v. Harris County-Houston Ship Channel Nav. Dist.*, 330 S.W.2d 672, 674 (Tex. Civ. App.–Fort Worth 1959, no writ) (and cases cited therein) (noting well-settled law that public districts created by constitutional and statutory authority, such as navigation districts, are political subdivisions of state). Accordingly, the District Board may approve the payment of dependent coverage under section 172.004.

### S U M M A R Y

Section 62.070 of the Water Code, which authorizes a county commissioners court to determine "compensation" for navigation district commissioners, pertains only to monetary compensation. The navigation district may determine whether to provide district commissioners with retirement and medical benefits under sections 60.011 and 60.014 of the Water Code. The navigation district board also may determine whether to pay a portion of the commissioners' dependents' coverage under section 172.004 of the Local Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee